IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BULK TRADING S.A. | CIVIL ACTION |
| VERSUS | NUMBER: 10-297 |
| CAPEX EUROPE S.A.M. and<br>CAPEX INDUSTRIES LIMITED | SECTION:  I-(4) |
| | JUDGE: Lance M. Africk |
| | MAGISTRATE JUDGE:<br>Karen Wells Roby |

**STIPULATION AND ORDER APPROVING SPECIAL BOND AS SUBSTITUTE SECURITY PURSUANT TO SUPPLEMENTAL RULE E(5) AND RELEASING CARGO UNDER ATTACHMENT**

**WHEREAS**, Plaintiff Bulk Trading SA ("Plaintiff"), having obtained a Writ of Garnishment and/or Attachment against United Bulk Terminal ("UBT") to restrain property of Defendant Capex Europe S.A.M. ("CE") and Defendant Capex Industries ("CI"), as security for the claims alleged in its Verified Complaint dated February 2, 2010; and

**WHEREAS**, without prejudice to any rights or defenses that Defendants CE and CI may have, CE and CI seek to provide security in the form of a special bond pursuant to Rule E(5) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Foreclosure Actions of the Federal Rules of Civil Procedure, a copy of which bond is attached hereto and the original of which shall be retained by counsel for Plaintiff;

1

**THE PARTIES HEREBY STIPULATE** to the entry of the following Order:

And now, this ___5th___ day of February 2010, on the Joint Stipulation of counsel for Plaintiff and Defendants CE and CI to the amount of the bond to be filed in the within proceedings, pursuant to Supplemental Admiralty Rule E(5) for the purpose of dissolving the Writ of Garnishment and/or Attachment releasing the maritime attachment and/or garnishment of petroleum coke at UBT in Davant, Louisiana issued hereunder;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That the amount of the bond to be filed by CE and CI is hereby fixed at the sum of FIVE MILLION TWO HUNDRED TWENTY THOUSAND NINE HUNDRED SIXTY ONE DOLLARS 24/100 ($5,220,961.24), plus 6% interest per annum up to the maximum amount of $5,534,218.91(the "Bond");

2. That the Bond tendered by CE and CI and provided by the surety, Westchester Fire Insurance Company (the "Surety"), is hereby approved by the Court;

3. That the Surety will be firmly bound to Plaintiff pursuant to the terms of the Bond pending the outcome, after appeal if any, of the English High Court of Justice proceeding or London arbitration proceeding, whichever venue hears Plaintiff's claims described in the Verified Complaint, and the outcome of any final judgment, after appeal if any, of this Court recognizing and enforcing such final arbitration award or English High Court of Justice judgment;

4. That the maritime garnishment and/or attachment of petroleum coke at UBT in Davant, Louisiana is hereby released and the Writ of Garnishment and/or Attachment dissolved;

5. Any garnishee holding property of CE and/or CI pursuant to the Writ of Garnishment and/or Attachment issued in this case are hereby ordered and directed to release such property pursuant to written instructions to be provided by letter from CE and/or CI's counsel to any such garnishee, together with a copy of this Order;

6. Pursuant to allegations in Plaintiff's Verified Complaint, while all disputes arising out of the Forward freight agreements between Plaintiff and CE are to be litigated in the English High Court of Justice or English arbitration, the action herein is submitted in accordance with Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and 9 U.S.C. §§ 8, 201, and is not and cannot be considered a waiver of Plaintiff's agreements to litigate or arbitrate the substance of the disputes in England;

7. The parties reserve their rights to seek relief before this Court, including the right of CE or CI to move to vacate attachment, for which the Bond has been provided, under Supplemental Admiralty Rule E(4)(f), the right of CE and/or CI to challenge the propriety of the attachment with respect to whether the petroleum coke garnished at UBT was owned by CE or if the Court finds the petroleum coke, or any part thereof, was owned by CI, whether CI is the *alter ego* of CE, the rights of both parties under Supplemental Admiralty Rule E(6) and CE and/or CI's rights under Supplemental Admiralty Rule E(7) as may be applicable. Once these issues are determined by the Court, the parties agree to stay these proceedings subject to the determination of the underlying disputes in English Court or arbitration; and

3

8.   It is understood and agreed that undersigned counsel are appearing as counsel for CE solely to obtain release of security, that CE may enrol separate counsel for CE at a later time, and that the fact that the same counsel represented CE and CI with respect to this stipulation shall not be evidence of *alter ego* status in either this proceeding or any other proceeding.

Date: February 5th, 2010

*[signature]*

_____
UNITED STATES DISTRICT JUDGE

The parties stipulated and consent to the entry of the above Order:

The Plaintiff,
BULK TRADING SA

By: _____

ROBERT J. BARBIER (#2741)
RAYMOND T. WAID (#31351)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Plaintiff, BULK TRADING S.A.

-and-

The Defendant,
Capex Europe S.A.M. and Capex Industries, Ltd.
Making restricted appearances within the meeting of Rule E(8) of the Supplemental Rules for
Certain Admiralty and Maritime Claims

By: _____

DARNELL BLUDWORTH, Texas Bar #07226520, Federal Bar #15008
ATTORNEY IN CHARGE
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydreas St., Twenty-eight Floor
New Orleans, LA 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

# 9149590_v1